AMANDA LYN GENOVESE
212.704.6227 telephone
212.704.6288 facsimile
amanda.genovese@troutmansanders.com

**TROUTMAN SANDERS**

TROUTMAN SANDERS LLP
Attorneys at Law
875 Third Avenue
New York, New York  10022
212.704.6000 telephone
troutmansanders.com

May 9, 2017

<u>VIA ECF</u>
Honorable Kevin McNulty
United States District Court
District of New Jersey
50 Walnut Street
Newark, New Jersey 07101

Re:  *Progressive Spine & Orthopaedics, LLC v. Anthem Blue Cross Blue Shield*
No. 2:17-cv-00536-KM-MAH
<u>Response to Misstatements in Plaintiff's Reply [Dkt. 14]</u>

Dear Judge McNulty:

This firm represents Defendant Anthem Insurance Companies, Inc. d/b/a Anthem Blue Cross Blue Shield ("Anthem") in the above-referenced proceeding.  We write in response to Plaintiff Progressive Spine & Orthopaedics, LLC's ("Plaintiff") Reply in Support of its Motion to Remand [Dkt. 14] (the "Reply").

Anthem recognizes that according to L. Civ. R. 7.1(d)(6), "sur-replies may not be submitted without the permission from the Court, and permission is generally denied where the record and prior submissions are deemed sufficient." *Levey v. Brownstone Inv. Group, LLC*, No. 11-395(ES), 2013 U.S. Dist. LEXIS 90178, at *9-10 (D.N.J. June 26, 2013).  However, courts allow the filing of "sur-replies to address a new issue in the 'interest of completeness,' for 'complicated and novel legal questions,' or for unusual circumstances." *Id.* (citations omitted). This letter-response is only submitted to address three material misstatements in the Reply that are known by Plaintiff and Plaintiff's counsel.  As such, Anthem submits that extraordinary circumstances warrant the submission of this letter to put this information before Your Honor. Anthem is not seeking to add any new legal arguments and/or to argue against Plaintiff's motion to remand.  This is not a normal circumstance where a party or its counsel provides questionable arguments in support of a motion, but, instead, an "unusual circumstance" where a party attempts to bolster its position by stating demonstrably false information.

The *first three sentences* of the Reply state:

> Progressive Spine provides medical services—surgery—to Patient B.G., based on Anthem's promise to pay 70% of its usual, customary, and reasonable fee. ***Anthem honored its payment agreement for the Progressive Spine's surgical assistant***.  But it later claimed that it can ignore the agreement for Progressive Spine's surgeon.

Reply at p. 7 (emphasis added).  Again, on page 22 of the Reply, Plaintiff states:

> Anthem agreed, and promised to pay Progressive Spine 70% of the usual, customary, and reasonable charges. ***Anthem honored the contract and paid for the surgical assistant's bill***, but significantly underpaid the surgeon's bill.

ATLANTA    BEIJING    CHARLOTTE    CHICAGO    HONG KONG    NEW YORK    ORANGE COUNTY    PORTLAND
RALEIGH    RICHMOND    SAN DIEGO    SHANGHAI    TYSONS CORNER    VIRGINIA BEACH    WASHINGTON, DC

26342176

Reply at p. 22 (emphasis added).

Contrary to Plaintiff's assertion, the assistant surgeon was not paid pursuant to an alleged implied contract with Anthem for "70% of the usual, customary, and reasonable charges." *See* Reply at 7, 22. Instead, in November 2014, the assistant surgeon entered into negotiations for increased reimbursements *under the Volt Plan*. *See* Exhibit 1 (emphasis added). To secure payment for increased benefits under the Volt Plan, Plaintiff was made aware (and agreed to) the following items: (i) payments were to be made *by the Volt Plan*, (ii) payments would be made for the *maximum allowed amount under the Volt Plan*, and (iii) "Progressive Spine and Orthopaed agrees to accept this Allowed Amount shown above for services rendered to the above patient [B.G.] on the indicated dates of service as payment in full subject to the *policy provisions*. *Id.* (emphasis added). Kori Sheridan, Plaintiff's practice manager (Ms. Sheridan submitted an affidavit in support of Plaintiff's motion to remand [Dkt. 10] and Exhibit 1 was attached as Exhibit D to her affidavit), agreed to the terms of the negotiated payments under the Volt Plan. *Id.* To suggest that the assistant surgeon was paid in accordance with an alleged "implied contract" with Anthem (for "70% of the usual, customary, and reasonable charges") is, simply, false.

Moreover, the second paragraph of the Reply states that "ERISA was never discussed and the Volt Plan was never mentioned until about sixteen months after the surgery." Reply at 7. In light of foregoing, this statement, too, is false. Plaintiff was on notice since November 2014 of the Volt Plan and even expressly acknowledged that the negotiated payment with the assistant surgeon was made "in full subject to the *policy provisions*." Exhibit 1 (emphasis added). Given that Plaintiff provided medical services in the form of spinal surgery to its patient, B.G., on October 24, 2014, it appears that Plaintiff was put on notice of the Volt Plan almost immediately (not sixteen months after the surgery).

To be certain that Plaintiff's counsel was on notice of the above, Exhibit 1 was annexed as Exhibit C to Plaintiff's counsel's letter dated April 1, 2016—the April 1, 2016 letter was discussed in Anthem's opposition to Plaintiff's motion to remand.[1] Thus, Plaintiff's counsel is aware that the various statements in the Reply are incorrect.

It makes sense why Plaintiff would seek to make such arguments—if Plaintiff's arguments were actually true, then it would support its position that alleged implied contracts exist for payments well above what is allowed under the Volt Plan. Further, had there been these

---

[1] Plaintiff's counsel's April 1, 2016 letter states: (i) "[t]here *is no agreement for the reimbursement rate* for Dr. Rovner… New Jersey law dictates that a medical provider which *does not have a contract with an insurer* is to be paid based on the 'usual, customary, and reasonable' rates for the geographic area in which the provider has rendered services"; and (ii) "[Plaintiff], *as the authorized representative of the Patient*, is seeking to determine whether you have properly exercised your determination of the patient's benefits under your contract with the patient as *per federal law and regulation constituting the Employee Income Retirement Act*." (Genovese Decl. Ex. 1) (emphasis added).

**TROUTMAN SANDERS**

Page 3

alleged implied contracts, and Anthem performed under these alleged implied contracts with respect to the assistant surgeon, Anthem would have the burden to continue to argue that no implied contracts exist. Unfortunately, Plaintiff cannot make such arguments because, in doing so, it would be asserting statements that are demonstrably false. If anything, the negotiation and agreement with the assistant surgeon should provide the Court with further proof that Plaintiff's state law claims are merely disguised claims under ERISA for reimbursements under the Volt Plan.

It is clear that the only reason Plaintiff seeks to remand this lawsuit is to place this matter before a court unfamiliar with ERISA and its complexities. These types of pleading tactics should not be rewarded. Plaintiff's motion to remand should be denied and Anthem's motion to dismiss should be granted.

We thank Your Honor for your consideration of this important matter.

Respectfully submitted,

Amanda Lyn Genovese

cc: All Counsel of Record (via ECF)

# Exhibit 1

# Patient Account Transmittal
Prepared Nov 18, 2014

**\*Deadline Today @ 3pm CST!**

**PLEASE DELIVER TO:** RUSH!
KORI
PROGRESSIVE SPINE AND ORTHOPAED

**SENT BY:**
S▮▮▮
National Care Network

**PRIORITY HANDLING PLEASE**
**SECOND REQUEST**

**TELEPHONE:**
**FACSIMILIE:**

**TELEPHONE:**                    Ext
**FACSIMILIE:**

**PATIENT:** B▮▮▮ G▮▮▮

**PAYOR:** ANTHEM NATIONAL- VOLT INFO SCIENCES (NASCO)
003330050
120 MONUMENT CIRCLE
INDIANAPOLIS, IN 46204

**BIRTHDATE:**
**INSURED:** B▮▮▮ G▮▮▮
**POLICY:**
**PT ACCOUNT NO:**

**ICN:** 30402278  (max allowed for assist surg.)

"payment to provider directly if accepted."

| DATES OF SERVICE | | POS | TOS | PROCEDURE | | QTY | CHARGE | ALLOWED AMOUNT | ADJUSTMENT |
|---|---|---|---|---|---|---|---|---|---|
| BEGIN | END | | | | | | | | |
| 10/24/14 | 10/24/14 | 22 | | 63030 80 | LAMINOTOMY INCL OPEN & | 1 | $43,953.00 | $12,250.00 | $31,703.00 |
| 10/24/14 | 10/24/14 | 22 | | 63035 80 | LAMOT INCL OPEN&NDSC E | 1 | $16,500.00 | $4,500.00 | $12,000.00 |
| | | | | | Totals: | | $60,453.00 | $16,750.00 | $43,703.00 |

PROGRESSIVE SPINE AND ORTHOPAED agrees to accept the Allowed Amount shown above for services rendered to the above patient on the indicated dates of service as payment in full subject to policy provisions. Provider further agrees not to balance bill the patient for the Adjustment amount. Provider acknowledges that the patient is responsible to pay for any coinsurance, deductible, policy limitations or other cost shares as part of the Allowed Amount. Provider agrees that the Billed Charges shown above are full, accurate and complete, and Provider will not add any amount on account of late charges, interest, taxes or other adjusted bill amount.

**AUTHORIZED SIGNATURE:** Kori Su▮▮▮     **DATE:** 11/18/14
**PRINTED NAME:** Kori Sheridan          **TITLE:** Practice manager
**E-MAIL ADDRESS:**

** Please complete Signature, Date, Printed Name & Title as a requirement of this agreement. **

**This agreement is not a guarantee of payment by the payer. If the payer determines that benefits are not payable for any reason, this agreement shall be null and void and no discount shall be applied. If the claim is determined to be payable, it will be processed in accordance with the terms and limitations of the patient's benefit plan within 15 business days. Payer reserves the right to review medical records, to audit and to adjust incorrect payments in connection with these services. **

To promote timely processing of this claim, please fax your response to 866-270-3795 as soon as possible. Thank you for your prompt attention.

This telecopy transmission may contain confidential information which is intended only for the use of the person(s) named above. If you are not the intended recipient, you are hereby advised that any disclosure, copying, distribution, or taking of any action in reliance of the contents of this information is prohibited. If you have received this transmission in error, please notify us to arrange for the return of the documents. Thank you.

242                                     Page 1 of 1                                     30402278-555