# RAJAN & RAJAN

**ATTORNEYS AT LAW**

info@rajanandrajan.com

Paul R. Rajan, Esq. ∆
Mahesh Rajan, Esq. ∆
Kavita Bindra, Esq. ∆ *
Oscar A. Escobar, Jr., Esq.
Navin H. Advani, Esq.
Jordan B. Dascal, Esq. ∆
Punita K. Amin, Esq. ◊
_____
Also Member of NY Bar ∆
Also Member of PA Bar ◊
Not Admitted in NJ – Practice Limited to
Immigration Law*

3146 State Route 27, Suite 202
Kendall Park, NJ 08824
(732) 283-1955 Ph
(732) 283-1877 Fax
Please reply to [X]

1419 Oak Tree Road
Iselin, NJ 08830
(732) 321-0201 Ph
(732) 321-9115 Fax
Please reply to [ ]

May 11, 2017

**Via CM/ECF and Priority Mail**

Honorable Judge Kevin McNulty
United States District Court, District of New Jersey
Martin Luther King, Jr. Federal Building and U.S. Courthouse
50 Walnut Street, Room PO 04
Newark, New Jersey 07101

> **RE:** **Progressive Spine & Orthopaedics, LLC v. Anthem Blue Cross Blue Shield**
> **Docket No.: 2:17-cv-00536-KM-MAH / Our File No.: 394-15**

Dear Judge McNulty:

I represent Progressive Spine & Orthopaedics, LLC ("Progressive Spine"). I am writing to provide a sur-sur-reply in response to Anthem Blue Cross Blue Shield's ("Anthem") sur-reply to Progressive Spine's motion to remand. D.E. 15.

Anthem appears to explain the applicable law about sur-replies. While sur-replies require permission and are generally not permitted, they are occasionally permitted for unusual circumstances such as material misstatements. *Id.* Here, I write to correct such, and therefore request that the court considers this sur-sur-reply.

Anthem continues a consistent theme from its opposition to the remand motion: bold statements that mischaracterize the facts. Without relevant proof, Anthem's sur-reply focuses heavily on arguing that payment was made pursuant to the Volt Plan instead of pursuant to the independent agreement between Anthem and Progressive Spine.

Progressive Spine's statement was based on the evidence. Progressive Spine's office manager, Kori Sheridan, certified that it had no knowledge that it was dealing with a self-funded ERISA plan until after the independent payment agreement was made and surgery performed. D.E. 10, Sheridan Dec., ¶¶ 8, 12, 15.

Anthem's explanation, that everything was paid according to the Volt Plan, makes no sense. The surgical assistant (a certified physician's assistant) was paid almost *seven times* as

much as the surgeon.[1] Assistants are typically paid *far* less than the surgeon, typically only 10-30%. *Id.* at ¶¶ 1, 10-13.

In contrast, Progressive Spine's explanation makes sense. The assistant's services were paid as Progressive Spine expected based on the independent contract. *See* fn. 1. The likely explanation is simple: the assistant was paid based on the independent agreement, but the surgeon was inexplicably paid based on the ERISA plan instead. *See Jaasma v. Shell Oil Co.*, 412 F.3d 501, 509 (3d Cir. 2005) ("New Jersey courts have given great weight to the parties' course of conduct in discerning the intent of the parties.") (internal quotes omitted).

Anthem claims that its sur-reply exhibit indicates that Progressive Spine knew about the Volt Plan. This is wrong. But even if true, it is irrelevant. The key fact here is that Progressive Spine never knew about it until *after* the independent contract was made and *after* surgery was performed. *Id.* at ¶ 8, 12. Whether that was a month (under Anthem's theory), or sixteen months (as Progressive Spine explained), is largely irrelevant.

If Anthem wanted to make clear that there was a self-funded ERISA plan, it could have easily done so. It could label the insurance card and all related correspondence with the name of the Volt Plan. For whatever reason, it failed to do so.

Critically, Anthem provides no proof for its claims. Nothing in the attachment to Anthem's sur-reply mentions ERISA or indicates a self-funded plan. Anthem cites to nothing else in the record, and provides no other evidence. Progressive Spine certified that thought it was negotiating based on an insurance contract instead of a self-funded plan. *Id.* at ¶ 15. Anthem offers nothing to contradict that, other than the unsupported musings of its counsel.

Should you have any questions, kindly contact this office. Thank you for your courtesies.

Very truly yours,
RAJAN & RAJAN, LLP

*/s/ Jordan B. Dascal, Esq.*
JORDAN B. DASCAL, ESQ.

cc: Client (via email only)
    Amanda L. Genovese, Esq. (via cm/ecf)

---

[1] Progressive Spine billed $60,458.00, expecting full payment for the surgeon's work and an additional 10-30% for the surgical assistant's work, or $6,045.30 to $18,135.90. *Id.*, ¶¶ 1, 10-13, Ex. C. Anthem paid the surgeon was paid only $2,381.97. *Id.* at ¶ 14. In contrast, Anthem paid surgical assistant was paid $16,750.00. Id. at ¶¶ 12-13.